IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL DEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-820-WKW |
| | ) | [WO] |
| E. WOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On November 25, 2024,[1] Plaintiff Samuel Deet filed a *pro se* 42 U.S.C. § 1983 complaint against three Defendants: E. Wood; Officer Robinson; and T. Albright. (Doc. # 1.) He later filed a motion to amend the complaint. (Doc. # 18.) The motion was granted but only to the extent that it "include[d] Plaintiff's description of his alleged injuries," (Doc. # 29), and the filing was docketed as amendment to the complaint (Doc. # 30). Defendants filed answers (Docs. # 26, 33, 34), and an Initial Scheduling Order was entered on December 3, 2025 (Doc. # 36). After the entry of

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated his complaint "11-25-24." (Doc. # 1 at 7.) Therefore, the complaint is deemed filed on November 25, 2024, even though it was not received and docketed until December 18, 2024.

the Initial Scheduling Order, Plaintiff notified the court on December 18, 2025, that he had been released from prison, and he provided his new address. (Doc. # 37.)

On September 9, 2026, Defendant Albright filed a motion for summary judgment.[2] (Doc. # 39.) By Order dated September 10, 2026, Plaintiff was directed to file a response to Albright's motion for summary judgment. (Doc. # 40 ("September 10 Order").) The September 10 Order set a deadline of October 8, 2026, for Plaintiff to file his response and expressly cautioned Plaintiff that his failure to file a timely response would result in dismissal for failure to prosecute and comply with an order of the court. (Doc. # 40.)

The deadline for Plaintiff to file a response to Albright's motion for summary judgment has passed, and to date, Plaintiff still has not filed a response as directed. Consequently, Plaintiff's claims against Albright will be dismissed without prejudice.

The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and

[2] In her motion, Albright represents that Plaintiff "did not initiate any discovery" and "did not respond to Albright's Requests for Admission." (Doc. # 39 at 1.) These representations demonstrate Plaintiff's lack of interest in pursuing this case.

provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (cleaned up), *cert. denied*, 146 S. Ct. 2622 (2026). Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the September 10 Order, despite its express directives and warnings, his claims against Defendant Albright will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that

(1) Plaintiff's 42 U.S.C. § 1983 claims against T. Albright are DISMISSED without prejudice;

(2) Defendant Albright's motion for summary judgment (Doc. # 39) is DENIED as moot; and

(3) The Clerk of Court is DIRECTED to terminate T. Albright as a Defendant in this action.

DONE this 3rd day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE